## SCOTT vs. LALOR'S EXECUTORS.

1. In general, a defendant cannot have any positive relief against the complainant, even as to the subject matter of the suit, except by cross-bill.

2. But where the complainant bases his right to relief upon an agreement for farming on shares, and prays for an account and equal division of part of the proceeds taken by the defendant, the defendant is entitled to an account of so much as has been received by the complainant, and will not be compelled to file a cross-bill for that purpose.

*Mr. E. T. Green*, for complainant.

*Mr. E. W. Scudder*, for defendant.

THE CHANCELLOR.

By an agreement reduced to writing, but not signed by the parties, Lalor demised to Scott for one year, a farm to be worked on shares, one-half of every thing raised or sold by Scott, to belong to each. At the end of the year, which was at the usual time in farming leases, the first day of April, Scott left the premises, having sown the usual winter crops. The next summer Lalor, without the consent, and against the remonstrances of Scott, gathered these crops without giving Scott one-half. The bill is filed for an account of that crop; it was filed in the life of Lalor; he having died, his executors have been substituted in his place. Lalor's answer, made in his life, admits the lease, the gathering of these way-going crops, and that he did not share with Scott. But he sets up in defence, that Scott had not divided the other crops fairly, but had kept the greater share; and that he had, against the express terms of the lease, mismanaged the farm. He is willing to account for one-half the grain taken by him, deducting the expense of gathering, but insists upon having an account of the whole dealings under the lease, and that Scott shall not be entitled to recover anything by virtue of the lease, unless upon a fair account of the whole matter.

Scott contends that these matters cannot be taken into consideration in this suit; that it can only be done by filing a cross-bill.

In general, the position taken by the counsel of the complainant is correct, that a defendant cannot have any positive relief against the complainant, even as to the subject matter of the suit, unless a cross-bill is filed for that purpose. But I think this case is not within that rule. The complainant bases his right to relief upon the lease, and prays for an account and equal division of part of the proceeds taken by defendant. It is not necessary to hold that an agreement for farming on shares is a partnership, but each party, as in a partnership, in such case is entitled to come into this court for an account. And it is equitable that when one party calls upon the other to account for part of the proceeds received by him, that the party asking an account should render an account of what he had received. Else, though each had received an equal proportion of the whole, one might be compelled to pay over part of it to the other, and be compelled to bring another suit. Besides, equity will consider that the complainant ought not to receive anything by virtue of this lease, unless he has substantially performed his part of it.

Let it be referred to a master to take an account between the parties, of the grain taken by Lalor after the end of the term, and of the cost of gathering it; and of the amounts raised and sold by Scott during the term, and of the part delivered to Lalor. The damages by bad husbandry are not to be considered. The testimony taken in the cause to be used before the master. But the evidence of Scott, except so far as it contradicts the responsive allegations in Lalor's answer, is not to be used before the master, or for any other purpose in the cause.